IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT C. WILLIAMS, | : | |
|     Petitioner, | : | 1:18-cv-1986 |
| | : | |
| v. | : | Hon. John E. Jones III |
| | : | |
| MARK CAPOZZA, *et al.*, | : | |
|     Respondents. | : | |

# **MEMORANDUM**

**June 26, 2019**

On October 16, 2018, Petitioner Robert C. Williams ("Petitioner"), filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging convictions entered in the Court of Common Pleas of York County, Pennsylvania on November 16, 2012. (Doc. 1). In response to the petition, Respondents filed a motion (Doc. 12) to dismiss the petition as untimely. Although Petitioner has not filed a brief in opposition to the motion, in his petition, he acknowledges the untimeliness of the petition and argues that he is entitled to equitable tolling of the statute based on governmental interference and actual innocence. (Doc. 1, pp. 36, 37).

For the reasons set forth below, the Court will grant Respondents' motion and dismiss the petition as untimely.

I. **BACKGROUND**

On November 16, 2012, after a jury convicted Petitioner of one count of second-degree murder and two counts of robbery, the Court of Common Pleas of York County sentenced him to life imprisonment without the possibility of parole. (Doc. 1; Doc. 12-1, p. 49). He did not pursue a direct appeal. (Doc. 12-1, p. 49). However, on July 9, 2013, he filed a Post Conviction Relief Act ("PCRA") petition pursuant to 42 PA. CONS. STAT. §§ 9541-46, which resulted in a reinstatement of his right to a direct appeal. (*Id.*)

He filed a direct appeal on January 31, 2015. On March 9, 2015, the Pennsylvania Superior Court affirmed his judgment of sentence. (*Id.* at pp. 49-56). He did not seek discretionary review.

Petitioner filed a timely PCRA on June 2, 2015. (*Id.* at 67). The PCRA court appointed counsel; counsel filed an amended petition on September 16, 2015. (*Id.*). Following a March 11, 2016 hearing, the PCRA court denied the petition. (*Id.*) Petitioner pursued an appeal and, on August 8, 2017, the Superior Court affirmed the PCRA court's denial of relief. Petitioner did not seek relief in the Supreme Court of Pennsylvania.

On March 8, 2018, Petitioner filed in this Court a federal petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, *Williams v. Wetzel, et al.*, Civil No. 1:18-cv-0551. (*Id.* at 81-95). In accordance with *United States v. Miller*, 197 F.3d

644, 649 (3d Cir. 1999), the Court issued an Order notifying Petitioner of the limitation upon his rights with regard to the filing of multiple habeas petitions. (*Id.* at 97-100). Specifically, the Court notified Petitioner that "if your current 2254 habeas petition is considered on the merits and rejected, you no longer have the right simply to file another 2254 petition in this Court raising other grounds for relief, even if you are attempting to raise grounds that you did not think of before filing the current petition. Instead, you would have to move in the Court of Appeals for a certificate allowing you to file that second 2254 petition." (*Id.* at 97). The Order also notified him as follows: "If you do decide to withdraw your current petition with the intent of filing a comprehensive 2254 petition in the future, you are also advised that 28 U.S.C. § 2244(d) sets forth a one-year statute of limitations for filing a 2254 petition. This section also specifies the periods of time that are not counted towards the limitations period. You should consult this section for when the one-year period starts to run. The limitations deadline may affect your decision to either stand on your current petition or file a new, comprehensive one." (*Id.* at 99). The Court directed him to file a Notice of Election within forty-five days indicating whether he would pursue the petition as filed or choose to withdraw the petition so that he may file one, all-inclusive petition under 28 U.S.C. § 2254 within the one-year statute of limitations applicable to such petitions. (*Id.*). Finally, the Court ordered "[i]f the limitations

3

period would expire during this 45-day period, the limitations period is tolled from the date of this Order until Petitioner's notification is filed, or until forty-five (45) days have elapsed, whichever is earliest. In these circumstances, and if Petitioner decides to file an all-inclusive § 2254 petition raising all grounds for relief, Petitioner's response must also be accompanied by his new § 2254 petition." Petitioner filed a Notice of Election on June 14, 2018, choosing the following: "I labeled my petition as a petition for writ of habeas corpus under 28 U.S.C. § 2254. I choose to withdraw the petition so that I may file one, all-inclusive petition under 28 U.S.C. § 2254 within the one-year limit for filing such a petition." (*Id.* at 102). On June 21, 2018, the Court issued an Order voluntarily withdrawing the petition and closing the case. (*Id.* at 106).

On October 16, 2018, he filed the instant federal petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1).

## II.    **DISCUSSION**

The court shall "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A petition filed under § 2254 must be timely filed under the stringent standards set forth in the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104-132, 110 Stat. 1214 (Apr.

24, 1996). *See* 28 U.S.C. § 2244(d) (1). Specifically, a state prisoner requesting habeas corpus relief pursuant to § 2254 must adhere to a statute of limitations that provides, in relevant part, as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> . . .
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2); *see Jones v. Morton*, 195 F.3d 153, 157 (3d Cir. 1999). Thus, under the plain terms of § 2244(d)(1)(A), a state court criminal judgment does not become final until appeals have been exhausted or the time for appeal has expired. *See Nara v. Frank*, 264 F.3d 310, 314 (3d Cir. 2001).

Petitioner's direct appeal proceedings concluded on March 9, 2015, when the Pennsylvania Superior Court affirmed his judgment of sentence. His conviction became final thirty days later, when his time to seek discretionary review with the Pennsylvania Supreme Court expired. The statute of limitations period commenced running as of that date and expired one year later on April 8, 2016. Hence, the present petition, filed on October 16, 2018, is patently untimely.

The Court's analysis does not end here. Consideration of both statutory and equitable tolling, as well as the fundamental miscarriage of justice exception, must be undertaken.

### A. Statutory Tolling

Section 2244(d)(2) tolls the one-year statute of limitations with respect to the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). The Third Circuit Court of Appeals has defined "pending" as the time during which a petitioner may seek discretionary state court review, for both direct and collateral proceedings, whether or not such review is sought. *Swartz v. Meyers*, 204 F.3d 417 (3d Cir. 2000). Notably, the period of time a properly filed federal habeas corpus petition is pending does not qualify as "a properly filed application for State post-conviction or other collateral review" pursuant to 28 U.S.C. § 2244(d)(2) for the purposes of tolling the limitations period. *See Duncan v. Walker*, 533 U.S. 167, 181–182 (2001); *see also Slutzker v. Johnson*, 393 F.3d 373, 382 (3d Cir. 2004).

Petitioner successfully tolled the statute of limitations on June 2, 2015, when he filed a timely PCRA petition. At that point, approximately 55 days of the one year limitations period had elapsed. The statute remained tolled until thirty days after the Superior Court affirmed the denial of PCRA relief on August 8, 2017.

6

Petitioner was required to file his petition in federal court on or before July 14, 2018, 310 days after the conclusion of the PCRA proceedings. The instant petition filed on October 16, 2018, 404 days after the conclusion of the PCRA proceedings, is therefore untimely.

Significantly, his first federal habeas petition offers no tolling benefit even though it was timely filed on March 8, 2018. Despite this Court's warnings to Petitioner as to the possible perils of the AEDPA's one year statute of limitations for filing a § 2254 petition should he withdraw his petition, he voluntarily withdrew his habeas petition prior to its adjudication on the merits. As a matter of law, he is not entitled to any tolling of the limitations period between March 8, 2018, and June 21, 2018, the time his properly filed petition for habeas corpus was pending before the Court because he voluntarily withdrew it. *See Duncan*, 533 U.S. at 181-182; *see also Slutzker*, 393 F.3d at 382. Nor is he eligible for the tolling provided for in the Order awaiting the filing of his Notice of Election because the statute did not expire during the pendency of the action. Specifically, as noted *supra*, on May 21, 2018, the Court ordered that: "[i]f the limitations period would expire during this 45-day period [awaiting the filing of Petitioner's Notice of Election], the limitations period is tolled from the date of this Order until Petitioner's notification is filed, or until forty-five (45) days have elapsed,

whichever is earliest." Petitioner filed his Notice of Election on June 14, 2018. The statute of limitations did not expire until July 14, 2018.[1]

The petition is untimely despite the initial statutory tolling of the limitations period.

### B. Equitable Tolling

"Equitable tolling of the limitations period is to be used sparingly and only in "extraordinary" and "rare" circumstances. *See Satterfield v. Johnson*, 434 F.3d 185, 195 (3d Cir. 2006); *LaCava v. Kyler*, 398 F.3d 271, 274-75 (3d Cir. 2005). It is only in situations "when the principle of equity would make the rigid application of a limitation period unfair" that the doctrine of equitable tolling is to be applied. *See Merritt v. Blaine*, 326 F.3d 157, 168 (3d Cir. 2003). Generally, a litigant seeking equitable tolling must establish two elements: (1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstance stood in his way." *Pace*, 544 at 418.

With respect to the diligent pursuit of rights, he must demonstrate that he exercised reasonable diligence in investigating and bringing the claims. *See Robinson v. Johnson*, 313 F.3d 128, 142 (3d Cir. 2002). Mere excusable neglect is

---

[1] Even if he could take advantage of this tolling period. it would provide no real benefit as it only included the twenty-four day period of May 21, 2018, the date of the Court Order through June 14, 2018, the date on which Petitioner filed his Notice of Election. His petition is untimely by approximately ninety-four days.

not sufficient. *See LaCava*, 398 F.3d at 276. Moreover, "the party seeking equitable tolling must have acted with reasonable diligence throughout the period he seeks to toll." *Warren v. Garvin*, 219 F.3d 111, 113 (2d Cir. 2000) (quoting *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000)).

Extraordinary circumstances have been found where (1) the respondent has actively misled the petitioner, (2) the petitioner has in some extraordinary way been prevented from asserting his rights, (3) the petitioner has timely asserted his rights mistakenly in the wrong forum, *see Jones*, 195 F.3d at 159, or (4) the court has misled a party regarding the steps that the party needs to take to preserve a claim, *see Brinson v. Vaughn*, 398 F.3d 225, 230 (3d Cir. 2005). Significantly, even where extraordinary circumstances exist, "[i]f the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing." *Brown v. Shannon*, 322 F.3d 768, 773 (3d Cir. 2003) (quoting *Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000)).

Petitioner failed to exercise reasonable diligence throughout the limitations period. Fifty-five days elapsed between the conclusion of direct appeal proceedings and the filing of his first PCRA petition. Between the conclusion of PCRA proceedings and the filing of his first federal petition, approximately 182

more days elapsed. He then allowed approximately 116 days of the one year limitations period to elapse between the voluntary dismissal of his first petition and the filing of the instant petition. From the time his PCRA proceedings concluded until the time he filed the instant petition, 404 days elapsed.

In addition to his failure to demonstrate the exercise of reasonable diligence in bringing his federal petition, Petitioner fails to demonstrate that extraordinary circumstances obstructed his pursuit of relief in either state or federal court. His statement that he has been "blocked by the Courts and counsels" is without any supporting facts or details. And his statement that he suffered governmental interference by the Pennsylvania Department of Corrections due to a prison "lockdown" encompasses only twenty-two days of the limitations period. There is no indication that he was actively misled, that he was in some extraordinary way prevented from asserting his rights, that he timely asserted his rights mistakenly in the wrong forum, or that he was misled by the court regarding the steps that he needed to take to preserve his claims. Hence, equitable tolling of the AEDPA statute of limitations is not warranted.

We now turn to miscarriage of justice exception and his claim of actual innocence. Although the fundamental miscarriage of justice or "actual innocence" exception was previously used to excuse procedural default, the United States Supreme Court has held that a convincing showing of actual innocence may excuse

the federal limitations period. *McQuiggin v. Perkins*, 569 U.S. 383 (2013). *McQuiggin* made it clear that such an exception is very rare, noting that the petitioner "must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Id.* at 399 (citing *Schlup v. Delo*, 513 U.S. 298, 327 (1995)). "To be credible a claim of actual innocence must be based on reliable evidence not presented at trial." *Schlup*, 513 U.S. at 324; *Calderon v. Thompson*, 523 U.S. 558, 559 (1998). "Proving actual innocence based on new evidence requires the petitioner to demonstrate (1) new evidence (2) that is reliable and (3) so probative of innocence that no reasonable juror would have convicted the petitioner." *Sistrunk v. Rozum*, 674 F.3d 181, 191 (3d Cir. 2012) (citing Schlup, 513 U.S. at 327). "'[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.' *Schlup*, 513 U.S., at 329, 115 S.Ct. 851; see House, 547 U.S., at 538, 126 S.Ct. 2064 (emphasizing that the *Schlup* standard is "demanding" and seldom met)." *McQuiggin*, 569 U.S. at 386.

Under the "Timeliness of Petition" heading in his petition, in citing to *McQuiggin*, Petitioner states that "[t]he United States Supreme Court has made clear that the 'miscarriage of Justice' exception extends to cases, like the one at bar, where Petitioner is actually innocent." (Doc. 1, p. 36). However, he fails to

11

provide any new reliable evidence to support his claim of actual innocence. "The gateway actual innocence standard is 'demanding' and satisfied only in the 'rare' and 'extraordinary' case where 'a petition presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.'" *Reeves v. Fayette SCI*, 897 F.3d 154 (3d Cir. 2018) (quoting *McQuiggin*, 569 U.S. at 392). Petitioner provides no such evidence in support of his claim. Nor can any be extracted from the ineffective assistance of counsel claims raised in his petition. Accordingly, he has not demonstrated that the "actual innocence" exception to the AEDPA statute of limitations applies.

### III. CONCLUSION

For the reasons set forth above, the petition for writ of habeas corpus will be dismissed as time-barred because Petitioner failed to file the petition within the one-year AEDPA statute of limitations.

### IV. CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability ("COA"), an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A COA may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of

reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322 (2003). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, jurists of reason would not find the procedural disposition of this case debatable. Accordingly, no COA will issue.

      An appropriate Order will enter.